UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **MICHAEL MILLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:15-cv-2010 |
| | ) |
| **OMNISOURCE INDIANAPOLIS, LLC,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff Michael Miller ("Plaintiff") brings this lawsuit against Defendant OmniSource Indianapolis, LLC ("Defendant"), pursuant to the Americans with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 et seq.

## PARTIES

2. Plaintiff is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a for-profit corporation engaging in business within the geographical boundaries of the Southern District of Indiana.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

7. Plaintiff satisfied his obligations to exhaust administrative remedies, having

timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received his right-to-sue notice from the EEOC and now timely files this lawsuit.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff began working for Defendant in 2007.

10. Throughout his employment with Defendant, Plaintiff met all of Defendant's legitimate employment expectations.

11. Plaintiff is a qualified individual with a disability and/or record of a disability and/or was perceived by Defendant to have a disability.

12. Plaintiff suffers from panic and social anxiety disorders. Plaintiff was diagnosed with these disorders in or about 2012.

13. Throughout his employment with Defendant, Plaintiff was able to perform all of the essential functions of his job with or without a reasonable accommodation.

14. Plaintiff's disabilities affect the following major life activities: sleeping, concentrating, communicating, interacting with others, and his memory.

15. Interacting with others causes Plaintiff's disabilities to flare-up.

16. At all times relevant to his Complaint, Plaintiff reported to Plant Manager, Matt Cole.

17. From the time he began his employment with Defendant until about 2012, Plaintiff was assigned to a shipping scale position that did not require frequent interactions with

others.

18. Following his diagnoses in 2012, Plaintiff informed Cole that he had panic and social anxiety disorders.

19. In 2013, after Plaintiff informed Cole of his disabilities, Cole transferred Plaintiff to a different facility working at a receiving scale that required Plaintiff to have frequent interactions with others and resulted in him experiencing flare-ups of his disabilities.

20. Upon Plaintiff's transfer, Defendant placed a non-disabled employee, Brandy Schrum, in his former position.

21. At the time Cole told Plaintiff about the transfer, Plaintiff complained that the move would result in flare-ups of his disabilities.

22. A month after Schrum was placed in the shipping scale position, she was moved to a different position.

23. Plaintiff requested that Defendant put him back in the shipping scale position, but Defendant refused.

24. Plaintiff's request to be put back in the shipping scale position was a request for a reasonable accommodation and statutorily protected activity.

25. Instead of putting Plaintiff back into the shipping scale position, Defendant put a non-disabled employee, Elizabeth Weaver, in the position.

26. While being supervised by Cole, Cole subjected Plaintiff to harassment, including yelling at Plaintiff and berating Plaintiff, resulting in flare-ups of Plaintiff's disabilities.

27. On or about November 9, 2014, Plaintiff requested and received FMLA leave due to flare-ups of his disabilities resulting from Defendant's refusal to transfer him back to the shipping scale position and harassment by Cole.

28. Plaintiff was scheduled to return to work on or about January 15, 2015.

29. While on FMLA leave, Plaintiff and his wife, spoke with Cole about Plaintiff's return to work and his requests for accommodations.

30. Plaintiff's requests for accommodations to Cole constitute statutorily protected activity.

31. On January 15, 2015, Plaintiff submitted a written request for accommodations to Defendant's Human Resources Manager, Kim Doss.

32. Plaintiff's requests for accommodations to Doss constitute statutorily protected activity.

33. Doss told Plaintiff that she would discuss his requests for accommodations when he passed his return to work physical.

34. On January 19, 2015, Plaintiff took and passed his return to work physical with restrictions.

35. Plaintiff's request to return to work with restrictions constitutes a request for reasonable accommodations and statutorily protected activity.

36. On January 19, 2015, Plaintiff attended a meeting with Doss and Operations Manager (and interim Plant Manager following Cole's resignation), Scott Strong, regarding his requests for accommodations. During the meeting, Doss and Strong told Plaintiff that he would have to work in a position that required frequent interaction with others or "nothing."

37. On January 26, 2015, Plaintiff attended a meeting with his wife, Doss, and Strong. During this meeting, Doss and Strong again told Plaintiff that he would have to work in a position that required frequent interaction with others or "nothing."

38. Following this meeting, Plaintiff's wife telephoned Scott Gibble, Manager of

Midwest Division, to discuss Plaintiff's requests for accommodations.

39. Despite all of Plaintiff's requests for accommodations, Defendant would not put Plaintiff in a position that did not require frequent interaction with others.

40. As a result, Defendant terminated Plaintiff, or in the alternative, Plaintiff was constructively discharged.

41. Any reasons proffered by Defendant for any adverse actions it took against Plaintiff, including but not limited to, refusing to provide Plaintiff with a reasonable accommodation and/or terminating Plaintiff and/or constructively discharging Plaintiff is pretext for discrimination and retaliation.

42. Plaintiff has been damaged as a result of Defendant's discriminatory and/or retaliatory actions, including, but not limited to lost wages and benefits, emotional distress, and attorneys' fees and costs.

## COUNT I

## DISABILITY DISCRIMINATION & HARASSMENT

43. Plaintiff hereby incorporates paragraphs 1-42 of his Complaint, as if the same were set forth at length herein.

44. Plaintiff is a qualified individual with a disability, has a record of disability, and/or is perceived by Defendant to have a disability.

45. Defendant subjected Plaintiff to disparate treatment, harassment, and a hostile work environment because of his disability and/or because it perceived Plaintiff to have a disability and/or because Plaintiff has a record of disability.

46. Defendant terminated and/or constructive discharged Plaintiff because of his disability, because it perceived Plaintiff to have a disability, and/or because Plaintiff has a record

of disability.

47. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

48. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## COUNT II

### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA

49. Plaintiff hereby incorporates paragraphs 1-48 of his Complaint, as if the same were set forth at length herein.

50. Plaintiff is a qualified individual with a disability, has a record of disability, and/or is perceived by Defendant to have a disability.

51. Plaintiff requested reasonable accommodations during his employment with Defendant.

52. Defendant failed to engage in the interactive process with Plaintiff.

53. Defendant failed to provide Plaintiff with a reasonable accommodation.

54. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

55. Plaintiff has been harmed as a result of Defendant's unlawful actions.

## COUNT III

### DISABILITY RETALIATION

56. Plaintiff hereby incorporates paragraphs 1-55 of his Complaint, as if the same were set forth at length herein.

57. Plaintiff engaged in statutorily protected activity when he requested that Defendant provide him with a reasonable accommodation.

58. Defendant subjected Plaintiff to disparate treatment, harassment, and a hostile work environment in retaliation for engaging in statutorily protected activity.

59. Defendant terminated and/or constructively discharged Plaintiff in retaliation for engaging in statutorily protected activity.

60. Defendant's actions were willful, intentional, and done with reckless disregard of Plaintiff's rights in violation of the ADA.

61. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Michael Miller, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

        Respectfully submitted,

        *s/ John H. Haskin*
        John H. Haskin (7576-49)

        *s/ Meghan U. Lehner*
        Meghan U. Lehner (25899-49)

        *s/ Natalie R. Dickey*
        Natalie R. Dickey (25294-41B)

## DEMAND FOR JURY TRIAL

The Plaintiff, Michael Miller, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        *s/ John H. Haskin*
        John H. Haskin (7576-49)

**JOHN H. HASKIN & ASSOCIATES**
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax

www.jhaskinlaw.com

Attorneys for Plaintiff Michael Miller